JUDGE HOLWELL

Christopher M. Schierloh (CS-6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorneys for Plaintiff

**07 CV 10371**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY a/s/o
ARCH CHEMICALS, INC.

                   Plaintiff,

          - against -

MV MAJESTIC MAERSK, her engines, boilers, tackle,
furniture, apparel, etc., *in rem*; A.P. MOLLER-MAERSK
A/S d/b/a MAERSK LINE, AND MAERSK SEALAND,
*in personam*,

                   Defendants.
------------------------------------------------------------------X

2007 Civ.

**COMPLAINT**



     Plaintiff, FIREMAN'S FUND INSURANCE COMPANY, (hereinafter "FFIC"), by and through its attorneys, Casey & Barnett, LLC as and for its Complaint against MV MAJESTIC MAERSK her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND, *in personam,* allege upon information and belief as follows:

<u>**THE PARTIES**</u>

     1.    At all material times, Fireman's Fund Insurance Company was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, NY 10005 and is

1

the subrogated underwriter of a consignment 240 drums of zinc omadine laden aboard MV MAJESTIC MAERSK.

2. Upon information and belief, at all times hereinafter mentioned, MV MAJESTIC MAERSK (hereinafter "vessel"), was and still is a vessel operated as a common carrier of goods in ocean transportation for hire, and she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

3. Upon information and belief, at all times hereinafter mentioned, Defendants, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND (hereinafter "MAERSK" or "defendant"), was and still is a business entity duly organized and existing under the law of a foreign country, with an office and place of business at 2 Giralda Farms, Madison Avenue, P.O. Box 880, Madison New Jersey 07940, and who was and is now engaged in the business of common and/or private carriage of merchandise by water for hire and was the owner and/or disponent owner and/or charterer and/or manager and/or operator of the vessels.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5. On or about February 21, 2007 a consignment of 240 drums of zinc omadine, owned by and/or consigned to plaintiff, were delivered to MAERSK and the MV MAJESTIC MAERSK in good order and condition, for shipment from Newark, New Jersey to Bangkok, Thailand pursuant to bill of lading number 512-063482 dated February 21, 2007.

6. On about April 9, 2007 the shipment was delivered to the consignee in Bangkok, Thailand.

7. Upon delivery, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had sustained damages due to rough handling during transit.

8. As a result of the damages sustained to the shipment, Arch Chemicals, Inc. sustained a loss in the amount of $6,104.22.

9. The damage to the cargo was not the result of any act or omission of plaintiff but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, unseaworthiness and bailment on the part of defendants.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between Arch Chemicals, Inc. and FFIC, which provided coverage for, among other things, loss or damage to the consignment.

11. Pursuant to the aforementioned contract of insurance between Arch Chemicals, Inc. and FFIC, monies have been and will be expended on behalf of Arch Chemicals, Inc. in the amount of $6,104.22 to the detriment of FFIC due to the damages sustained during transit.

12. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

13. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments,

as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

14. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,104.22.

16. Plaintiff has a maritime lien against the MV MAJESTIC MAERSK for the damages referred to herein and will enforce that lien in these proceedings.

17. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, plaintiff prays that:

1. *In rem* service of process be issued against the MV MAJESTIC MAERSK, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The defendants, MV MAJESTIC MAERSK, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND be served with a copy of this Complaint, together with a summons to appear under oath and answer all and singular the matters aforesaid;

3. The Court order, adjudge and decree that defendants, MV MAJESTIC MAERSK, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND, pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. Plaintiff may have such other and further relief in the premises as in law and justice they may be entitled to receive.

Dated:   New York, New York
         November 15, 2007
         299-31

                                                   CASEY & BARNETT, LLC
                                                   Attorneys for Plaintiff

                                                   By: _____
                                                   Christopher M. Schierloh (CS-6644)
                                                   CASEY & BARNETT, LLC
                                                   317 Madison Avenue, 21st Floor
                                                   New York, NY 10017
                                                   (212) 286-0225